IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION 5:20-cv-00559-D

| | | |
|---|---|---|
| FREDRICK DARNELL HALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CITY OF RALEIGH NORTH CAROLINA, | ) | **ANSWER OF DEFENDANT** |
| CASSANDRA DECK-BROWN in her official | ) | **EDMONDS IN AN INDIVIDUAL** |
| capacity as chief of police, RUFFIN HALL, in his | ) | **CAPACITY ONLY TO PLAINTIFF'S** |
| official capacity as City Manager of the City of | ) | **FIRST AMENDED COMPLAINT** |
| Raleigh, North Carolina, and LT KLUEGER, | ) | |
| K.N. WALL, A.E. JONES, S.O. EDMONDS, | ) | |
| M.O. GLEN, S.T. HENRY, B.S. HARRIS, M.S. | ) | |
| HORNER, JOHN DOE I, JOHN DOE II, JOHN | ) | |
| DOE III, JOHN DOE IV, JOHN DOE V, JOHN | ) | |
| DOE VI (individually as in their official capacity | ) | |
| as employees of the City of Raleigh) | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Edmonds (hereinafter, "Edmonds" or "this Defendant"), in an individual capacity only, by and through the undersigned counsel, hereby responds to Fredrick Darnell Hall's (hereinafter, "Plaintiff") First Amended Complaint DE 25 (hereinafter "Amended Complaint") as follows:

## FIRST DEFENSE: ANSWER

This Defendant denies all allegations in the "SUMMARY" section set forth at the outset of the Amended Complaint. In response to the numbered paragraphs of Plaintiff's Amended Complaint, this Defendant responds as follows:

1.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one of the Amended Complaint.

2.     Admitted.

3. The allegations in paragraph three of the Amended Complaint are directed to other defendants such that no response is required from this Defendant. To the extent a response is required, it is admitted the City of Raleigh is a North Carolina municipality. It is admitted this Defendant acted appropriately, lawfully, and justifiably at all times with respect to Plaintiff while protecting and serving the public community. It is admitted this Defendant was acting within the course and scope of employment with the Raleigh Police Department while responding to the call for service involving Plaintiff on August 17, 2018. Except as herein admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph three of the Amended Complaint.

4. The allegations in paragraph four of the Amended Complaint are directed to other defendants such that no response is required from this Defendant. To the extent a response is required, it is admitted that Chief Deck-Brown was on August 17, 2018 and is today the Police Chief of the City of Raleigh Police Department. It is admitted this Defendant acted appropriately, lawfully, and justifiably at all times with respect to Plaintiff. Except as herein admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph four of the Amended Complaint.

5. The allegations in paragraph five of the Amended Complaint are directed to other defendants such that no response is required from this Defendant. To the extent a response is required, it is admitted that Hall was City Manager for the City of Raleigh. Except as herein admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph five of the Amended Complaint.

6. The allegations in paragraph six of the Amended Complaint are directed to another defendant to which no response is required. To the extent a response is required, it is admitted that

- 2 -

Defendant Krueger was a member of the City of Raleigh Police Department as of August 17, 2018. It is denied Krueger is responsible to Plaintiff for any claims raised by or damages sought by the Complaint. Except as herein admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph six of the Amended Complaint.

7. The allegations in paragraph seven of the Amended Complaint are directed to another defendant to which no response is required. To the extent a response is required, it is admitted that Wall was a member of the City of Raleigh Police Department as of August 17, 2018. It is denied that Wall is responsible to Plaintiff for any claims raised by or damages sought in the Amended Complaint. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seven of the Amended Complaint.

8. It is admitted this Defendant was and is a member of and employed by the Raleigh Police Department. This Defendant admits the residency and citizenship as alleged. It is admitted Edmonds appropriately, lawfully, and justifiably discharged his obligations to Plaintiff. It is specifically denied this Defendant is responsible for any legal claims asserted by Plaintiff. Except as herein admitted or denied, denied.

9. The allegations in paragraph nine of the Amended Complaint are directed to another defendant to which no response is required. To the extent a response is required, it is admitted that Glenn was a member of the City of Raleigh Police Department as of August 17, 2018 and resides as alleged. It is denied Glenn is responsible to Plaintiff for any claims raised by or damages sought by the Amended Complaint. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nine of the Amended Complaint.

- 3 -

10.     The allegations in paragraph ten of the Amended Complaint are directed to another defendant to which no response is required. To the extent a response is required, it is admitted that Henry was a member of the City of Raleigh Police Department as of August 17, 2018. It is denied Henry is responsible to Plaintiff for any claims raised by or damages sought in the Amended Complaint or resides as alleged. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ten of the Amended Complaint.

11.     The allegations in paragraph eleven of the Amended Complaint are directed to another defendant to which no response is required. To the extent a response is required, it is admitted that Harris was a member of the City of Raleigh Police Department as of August 17, 2018. It is denied Harris is responsible to Plaintiff for any claims raised by or damages sought in the Amended Complaint. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eleven of the Amended Complaint.

12.     The allegations in paragraph twelve of the Amended Complaint are directed to another defendant to which no response is required. To the extent a response is required, it is admitted that Jones was a member of the City of Raleigh Police Department as of August 17, 2018. It is denied Jones is responsible to Plaintiff for any claims raised by or damages sought in the Amended Complaint. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twelve of the Amended Complaint.

13.     The allegations in paragraph thirteen of the Amended Complaint are directed to another defendant to which no response is required. To the extent a response is required, it is

- 4 -

admitted that Horner was a member of the City of Raleigh Police Department as of August 17, 2018. It is denied Horner is responsible to Plaintiff for any claims raised by or damages sought in the Amended Complaint. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph thirteen of the Amended Complaint.

14. The allegations in paragraph fourteen of the Amended Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

15. The allegations in paragraph fifteen of the Amended Complaint are too vague to form a response, and a more definite statement is necessary. The allegations in paragraph fifteen of the Amended Complaint are also directed to other defendants to which no response is required. To the extent a response is required, with respect to Plaintiff, it is admitted this Defendant's conduct was appropriate, lawful, and justified as a duly-appointed law enforcement officer with the City of Raleigh Police Department. Except as herein admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifteen of the Amended Complaint.

16. The allegations in paragraph sixteen of the Amended Complaint call for legal conclusions to which no response is required.

17. The allegations in paragraph seventeen of the Amended Complaint call for legal conclusions to which no response is required. The allegations in paragraph seventeen of the Amended Complaint are also directed to other defendants to which no response is required. The allegations in paragraph seventeen of the Amended Complaint are too vague to form a response, and a more definite statement is necessary. To the extent a response is required, this Defendant denies any conduct or element of conduct that would be give rise to liability to Plaintiff under any

- 5 -

legal theory. This Defendant denies waiver of any immunity under the law. It is admitted that any document relating to insurance for the City of Raleigh, if such exists, speaks for itself. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seventeen of the Amended Complaint.

18.     It is admitted that Deck-Brown, Edmonds, Glenn, Harris, Henry, Horner, Jones, Krueger and Wall were law enforcements officers employed by the City of Raleigh Police Department in Wake County, North Carolina on August 17, 2018. Except as herein admitted, the allegations in paragraph eighteen of the Amended Complaint are denied.

19.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nineteen of the Amended Complaint.

20.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty of the Amended Complaint.

21.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-one of the Amended Complaint.

22.     It is admitted an affidavit is attached and that it is a writing that speaks for itself. Except as admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-two of the Amended Complaint or the statements in the attached affidavit.

23.     It is admitted an affidavit is attached and that it is a writing that speaks for itself. Except as admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-three of the Amended Complaint or the statements in the attached affidavit.

24. It is admitted an affidavit is attached and that it is a writing that speaks for itself. Except as admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-four of the Amended Complaint or the statements in the attached affidavit.

25. The allegations in paragraph twenty-five of the Amended Complaint are not directed to this Defendant, so no response is required. To the extent a response is required, it is admitted Raleigh Police Officer Harris interacted with Plaintiff. Except as herein admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-five of the Amended Complaint.

26. The allegations in paragraph twenty-six of the Amended Complaint are not directed to this Defendant, so no response is required. To the extent a response is required, it is admitted Raleigh Police Officer Harris interacted with Plaintiff. It is denied Plaintiff was polite with Raleigh Police officers. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-six of the Amended Complaint.

27. The allegations in paragraph twenty-seven of the Amended Complaint are not directed to this Defendant, so no response is required. To the extent a response is required, it is admitted Raleigh Police Officer Harris interacted with Plaintiff. Except as herein admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-seven of the Amended Complaint.

28. The allegations in paragraph twenty-eight of the Amended Complaint are not directed to this Defendant, so no response is required. To the extent a response is required, it is admitted Raleigh Police Officer Harris interacted with Plaintiff. Except as herein admitted, this

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-eight of the Amended Complaint.

29.     The allegations in paragraph twenty-nine of the Amended Complaint are not directed to this Defendant, so no response is required. To the extent a response is required, it is admitted Raleigh Police Officer Harris interacted with Plaintiff. It is admitted audio and video recordings from the scene exist in the public domain and that they speak for themselves. Except as herein admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-nine of the Amended Complaint.

30.     Denied.

31.     It is admitted Plaintiff repeatedly, violently, and illegally assaulted numerous Raleigh Police officers. It is admitted Plaintiff repeatedly failed to follow Raleigh Police officers' clear, loud, and reasonable instructions. It is admitted lawful techniques were used to place Plaintiff into custody, including the lawful use of department-issued equipment (including, but not limited to, a retractable stick) and the lawful use of hands, feet, and other parts of the body upon Plaintiff himself. It is admitted some lawful techniques had no effect upon Plaintiff and some were used more than once. It is admitted audio and video recordings from the scene exist in the public domain and that they speak for themselves. Except as herein admitted, denied.

32.     Denied.

33.     It is admitted Raleigh Police officers, including this Defendant, completed written reports. It is admitted those reports speak for themselves.  Except as herein admitted, denied.

34.     Denied.

35.     Denied.

- 8 -

36.     The allegations in paragraph thirty-six of the Amended Complaint are not directed at this Defendant, as such no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the quoted phrases and denies the remaining allegations.

37.     Denied.

38.     Denied.

39.     It is admitted any consultant's written report speaks for itself.  Except as herein admitted, denied.

40.     The allegations in paragraph forty of the Amended Complaint are not directed at this Defendant, as such no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the quoted phrases and denies the remaining allegations.

41.     Denied.

42.     The allegations in paragraph forty-two of the Amended Complaint are not directed at this Defendant, as such no response is required. To the extent a response is required, denied.

43.     The allegations in paragraph forty-three of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 1991. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph forty-three of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty-three of the Amended Complaint.

- 9 -

44. The allegations in paragraph forty-four of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 2004. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph forty-four of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty-four of the Amended Complaint.

45. The allegations in paragraph forty-five of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 2004. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph forty-five of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty-five of the Amended Complaint.

46. The allegations in paragraph forty-six of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 2005. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph forty-six of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty-six of the Amended Complaint.

47. The allegations in paragraph forty-seven of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is

required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 2013. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph forty-seven of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty-seven of the Amended Complaint.

48. The allegations in paragraph forty-eight of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 2015. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph forty-eight of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty-eight of the Amended Complaint.

49. The allegations in paragraph forty-nine of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 2016 and he provided backup to the call. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph forty-nine of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty-nine of the Amended Complaint.

50. The allegations in paragraph fifty of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 2016 and

he provided backup to the call. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph fifty of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifty of the Amended Complaint.

51.     The allegations in paragraph fifty-one of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 2019. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph fifty-one of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifty-one of the Amended Complaint.

52.     The first sentence of paragraph fifty-two is denied. The remaining allegations in paragraph fifty-two of the Amended Complaint do not pertain to acts committed by this Defendant, so no response is required. To the extent a response is required, it is admitted this Defendant is not the officer alleged to have committed the wrongful act in 2020. Any contention of wrongdoing on the part of this Defendant expressed or implied by the allegations in paragraph fifty-two of the Amended Complaint is denied. To the extent not admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifty-two of the Amended Complaint.

53.     Denied.

54.     The allegations in paragraph fifty-four of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is admitted certain body worn and dashboard cameras were on the scene. It is

- 12 -

admitted any written Raleigh Police Department policy speaks for itself. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph fifty-four of the Amended Complaint.

55. The allegations in paragraph fifty-five of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is expressly denied this Defendant violated policy with respect to Plaintiff. It is admitted any written Raleigh Police Department policy speaks for itself. It is admitted any video or audio recorded by any Raleigh Police Department camera speaks for itself. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph fifty-five of the Amended Complaint.

56. The allegations in paragraph fifty-six of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is expressly denied this Defendant violated policy with respect to Plaintiff. It is admitted any written Raleigh Police Department policy speaks for itself. It is admitted any video or audio recorded by any Raleigh Police Department camera speaks for itself. It is denied that the absence of a recording automatically equates to a failure to follow policy. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph fifty-five of the Amended Complaint.

57. The allegations in paragraph fifty-seven of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is expressly denied any defendant brutally or unjustifiably beat, illegally arrested, or otherwise acted improperly, unlawfully, or wrongfully toward Plaintiff. It is expressly denied this Defendant violated policy with respect to Plaintiff. It is admitted any video recorded by any

Raleigh Police Department camera speaks for itself. It is denied there is no audio or video footage of Harris' interaction with Plaintiff, although it is admitted, upon information and belief, the entire encounter is not recorded on Raleigh Police-issued cameras. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph fifty-seven of the Amended Complaint.

58. Denied.

59. The allegations in paragraph fifty-nine of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is admitted any Raleigh Police Department policy or memorandum from Chief Deck-Brown speaks for itself. Except as herein admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifty-nine of the Amended Complaint.

60. The allegations in paragraph sixty of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is admitted this Defendant was not disciplined or reprimanded as a result of the August 17, 2018 encounter with Plaintiff. Except as herein admitted, denied.

61. The allegations in paragraph sixty-one of the Amended Complaint are directed to other defendants to which no response is required. The allegations in paragraph sixty-one are also too vague to form a response, and a more definite statement is necessary. To the extent this paragraph is directed to this Defendant, it is admitted this Defendant was not disciplined as a result of the August 17, 2018 encounter with Plaintiff. Except as herein admitted, denied.

62. The allegations in paragraph sixty-two of the Amended Complaint are directed to other defendants to which no response is required. To the extent a response is required, it is

- 14 -

admitted any Raleigh Police Department policy or memorandum speaks for itself. Except as herein admitted, denied.

63.     The allegations in paragraph sixty-three of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, the allegations in paragraph sixty-three appear to reference an undated, unlabeled policy, and are too vague to form a response. A more definite statement is necessary. It is admitted any Raleigh Police Department policy speaks for itself. It is expressly denied this Defendant used excessive force or otherwise acted in any way that would give rise to liability to Plaintiff. Except as herein admitted or denied, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph sixty-three of the Amended Complaint.

64.     The allegations in the first sentence of paragraph sixty-four are denied. It is admitted the Raleigh Police Department has written policies.  It is admitted those policies speak for themselves.  Except as herein admitted, denied.

65.     The allegations in the first sentence of paragraph sixty-five are denied. It is admitted the Raleigh Police Department has written policies. It is admitted those policies speak for themselves. Except as herein admitted, denied

66.     Denied.

67.     The allegations in paragraph sixty-seven of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is admitted any Raleigh Police Department policy speaks for itself. It is expressly denied this Defendant used excessive force or otherwise acted in any way that would give rise to liability to Plaintiff. Except as herein admitted or denied, this Defendant lacks knowledge or

- 15 -

information sufficient to form a belief as to the truth of the allegations in paragraph sixty-seven of the Amended Complaint.

68.     The allegations in paragraphs sixty-eight of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is admitted any Raleigh Police Department policy speaks for itself. Except as herein admitted, denied.

69.     The allegations in paragraph sixty-nine of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, this paragraph contains vague allegations regarding crisis training. A more definite statement is necessary. Notwithstanding this, it is admitted any Raleigh Police Department policy speaks for itself.  Except as herein admitted, denied.

70.     The allegations in paragraph seventy of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is admitted any Raleigh Police Department policy speaks for itself. Except as herein admitted, denied.

71.     Denied.

72.     Denied.

73.     This Defendant incorporates by reference responses to paragraphs 1 through 72 of the Amended Complaint.

74.     Denied, including all subparts.

75.     Denied, including all subparts.

76.     Denied.

77.     Denied.

- 16 -

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     This Defendant incorporates by reference responses to paragraphs 1 through 82 of the Amended Complaint.

84.     The allegations in paragraph eighty-four of the Amended Complaint are directed to other defendants to which no response is required. To the extent this paragraph is directed to this Defendant, it is admitted this Defendant was employed by the Raleigh Police Department and that Deck-Brown was Police Chief as of August 17, 2018. Except as herein admitted, the allegations in paragraph eighty-four of the Amended Complaint are too vague to form a response, and a more definite statement is necessary. Except as admitted, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eighty-four of the Amended Complaint.

85.     Denied.

86.     Denied.

87.     Denied, including all subparts.

88.     Denied.

89.     This Defendant incorporates by reference responses to paragraphs 1 through 88 of the Amended Complaint.

90.     Denied.

91.     Denied.

- 17 -

92.    Denied, including all subparts.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    This Defendant incorporates by reference responses to paragraphs 1 through 99 of the Amended Complaint.

101.    Denied, including all subparts.

102.    Denied.

103.    Denied.

104.    Denied.

105.    This Defendant incorporates by reference responses to paragraphs 1 through 104 of the Amended Complaint.

106.    The allegations in paragraph one hundred six of the Amended Complaint are not directed at this Defendant such that no response is required. To the extent a response is required, it is admitted this Defendant discharged all obligations appropriately. Except as herein admitted, denied.

107.    The allegations in paragraph one hundred seven are not directed at this Defendant such that no response is required. To the extent a response is required, it is admitted this Defendant discharged all obligations appropriately. Except as herein admitted, denied.

- 18 -

108.     Denied, including all subparts.

109.     Denied.

110.     Denied.

111.     This Defendant incorporates by reference responses to paragraphs 1 through 110 of the Amended Complaint.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Denied.

119.     This Defendant incorporates by reference responses to paragraphs 1 through 118 of the Amended Complaint.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     This Defendant incorporates by reference responses to paragraphs 1 through 124 of the Amended Complaint.

126.     Denied.

127.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one hundred twenty-seven of the Amended Complaint.

128.     Denied.

129.     Denied.

130.     Denied.

131.     Denied.

132.     This Defendant incorporates by reference responses to paragraphs 1 through 131 of the Amended Complaint.

133.     Denied.

134.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one hundred thirty-four of the Amended Complaint.

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied.

ALL ALLEGATIONS IN THE AMENDED COMPLAINT NOT SPECIFICALLY ADMITTED ABOVE ARE DENIED. DEFENDANT DENIES EACH ELEMENT OF PLAINTIFF'S CLAIMS.

## SECOND DEFENSE

As a further answer and defense, the claims and allegations made against this Defendant in an individual capacity fail to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

As a further answer and defense, this Defendant was at all times acting within the course and scope of duty as a sworn law enforcement officer engaging in discretionary and governmental functions and, therefore, this Defendant is entitled to all immunities applicable to a public officer or official. This includes, but is not limited to, the common law defense of good faith, as well as governmental, qualified and public official immunity. This Defendant pleads all other applicable immunities to which this Defendant is entitled by operation of law in bar of Plaintiff's claims for relief.

## FOURTH DEFENSE

As a further answer and defense, this Defendant asserts that Plaintiff's allegations fail to state a claim for punitive damages and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such claims violate this Defendant's Due Process rights under the North Carolina and United States Constitutions. This Defendant pleads all defenses, rights, remedies, immunities, and limits set forth in N.C.G.S. § 1D of the North Carolina General Statutes as a bar and/or limitation to Plaintiff's claim for punitive damages.

## FIFTH DEFENSE

As a further answer and defense and alleged in the alternative, if there is a finding this Defendant is legally responsible for any damages, which is again denied, then this Defendant asserts that the actions of Plaintiff caused and contributed to some or all of the alleged damages. Specifically, Plaintiff repeatedly and unjustifiably ignored and defied lawful instructions given, particularly, after violently assaulting more than one law enforcement officer. This Defendant raises as an affirmative defense that these acts on the part of Plaintiff were a direct and proximate cause of any injuries or damages allegedly sustained. As such, any recovery of Plaintiff should be

barred by his own contributory negligence. Alternatively, any recovery should be barred or reduced by Plaintiff's failure to mitigate damages.

## SIXTH DEFENSE

As a further answer and defense, this Defendant asserts that all actions taken during the encounter with Plaintiff were objectively justified and reasonable given the threatening and illegal acts of Plaintiff there were objectively unjustified. This Defendant raises the affirmative defenses of legal justification and just and probable cause as a bar to Plaintiff's claims.

## SEVENTH DEFENSE

As a further answer and defense, this Defendant asserts as an affirmative defense qualified immunity by virtue of this Defendant's role as a City of Raleigh Police Department police officer. More particularly, this Defendant was acting as an agent of the City of Raleigh Police Department, was acting without malice and in the good faith belief that all duties were carried out in accordance with the laws, statutes, and the Constitution of the United States and the North Carolina Constitution. Thus, this Defendant raises the affirmative defense of qualified immunity to bar Plaintiff's claims.

## EIGHTH DEFENSE

As a further answer and defense, at all times relevant, this Defendant interacted with Plaintiff reasonably and did not violate any of Plaintiff's established statutory or Constitutional rights. This Defendant raises as an affirmative defense reasonable and lawful conduct as a bar to Plaintiff's claims.

## NINTH DEFENSE

As a further answer and defense, at all times relevant, this Defendant exercised sound discretion and judgment and acted within reasonable limits in all acts and contact with Plaintiff

- 22 -

given the facts and circumstances of the case. This Defendant raises the affirmative defenses of sound discretion, reasonable belief, and fair judgment as a bar to Plaintiff's claims.

## TENTH DEFENSE

As a further answer and defense, this Defendant raises all applicable immunities arising by operation of law in bar of Plaintiff's claims. This includes, but is not limited to, investigative and testimonial immunity.

## ELEVENTH DEFENSE

As a further answer and defense, this Defendant asserts that all conduct taken with Plaintiff was legally privileged; therefore, Plaintiff is barred from any recovery.

## TWELFTH DEFENSE

As a further answer and defense, this Defendant asserts that all conduct during the encounter with Plaintiff, who failed to follow reasonable commands and assaulted multiple law enforcement officers, was necessary given the circumstances. This Defendant raises the affirmative defense of necessity as a bar to Plaintiff's claims.

## THIRTEENTH DEFENSE

As a further answer and defense, this Defendant asserts that exigent circumstances justified all conduct and acts about which Plaintiff complains.

## FOURTEENTH DEFENSE

As a further answer and defense, at all times relevant herein, this Defendant was under a duty to prevent crime and is consequently immunized from liability under the crime prevention privilege.

## FIFTEENTH DEFENSE

As a further answer and defense, this Plaintiff's damages claim is restricted by his failure to plead special damages.

## SIXTEENTH DEFENSE

As a further answer and defense, this Plaintiff failed to exercise reasonable diligence and ordinary care to minimize his damages and should have any recovery barred or reduced by the doctrine of failure to mitigate and/or the doctrine of avoidable consequences.

## SEVENTEETH DEFENSE

As a further answer and defense, this Defendant exercised sound discretion and judgment and acted within reasonable limits in all contacts with Plaintiff given the facts and circumstances. This Defendant's appropriate exercise of judgment bars Plaintiff's claims.

## EIGHTEENTH DEFENSE

As a further answer and defense, Plaintiff's criminal charges were supported by probable cause. As such, any claim related to the prosecution of those charges should be barred.

## NINETEENTH DEFENSE

As a further answer and defense, Plaintiff's criminal charges were, upon information and belief, not terminated in his favor. As such, any claim related to the prosecution of those charges should be barred.

## TWENTIETH DEFENSE

As a further answer and defense, this Defendant complied with all applicable laws and regulations and, having so complied, acted without improper motive and any alleged injury or claim (which is specifically denied) is not actionable.

- 24 -

## TWENTY-FIRST DEFENSE

As a further answer and defense, this Defendant pleads provocation, self-defense, and defense of others as a bar to Plaintiff's claims asserted in the Complaint.

## TWENTY-SECOND DEFENSE

As a further answer and defense, this Defendant acted in compliance with and pursuant to N.C.G.S. 15A-401. Compliance herewith is a bar to all applicable claims asserted by Plaintiff.

## TWENTY-THIRD DEFENSE

As a further answer and defense, this Defendant raises the defense Plaintiff himself engaged in repeated acts of conduct that were negligent, grossly negligent, and intentional bad acts as a bar to the claims asserted in the Amended Complaint including, but not limited to:

1. Plaintiff deliberately and intentionally engaged in numerous acts of felonious criminal conduct in the presence of and against multiple law enforcement officers;

2. Plaintiff deliberately and intentional refused to comply with multiple reasonable and lawful commands of law enforcement officers when compliance may have avoided further action on the part of law enforcement;

3. Plaintiff refused to submit to a lawful arrest;

4. Plaintiff unlawfully resisted, delayed, and obstructed multiple law enforcement officers in the performance of their duties;

5. Plaintiff's unreasonable, aggressive, confrontational, profane, violent, illegal and threatening conduct forced law enforcement to use the force employed to detain Plaintiff.

6. Plaintiff deliberately and intentionally engaged in physical conduct of an unreasonable, aggressive, confrontational, profane, violent, illegal, and threatening nature which caused multiple officers to conclude Plaintiff's conduct presented an imminent threat of death or

- 25 -

serious bodily injury and necessitated the officers' use of reasonable force to protect themselves from Plaintiff;

7.      Plaintiff viciously bit, swung at, hit, lunged at, grabbed, held, and otherwise assaulted law enforcement officers causing actual physical and other harm to those officers; and

8.      Plaintiff was negligent, grossly negligent and/or engaged in intentional conduct in these ways and in other ways that may be shown at trial.

<u>**RESERVATION AND NON-WAIVER**</u>

This Defendant reserves the right to assert and rely on additional affirmative defenses which may become available or apparent during discovery, further investigations, or at trial.

WHEREFORE, this Defendant respectfully requests from this Court the following relief:

1.      For each of Plaintiff's claims to be dismissed;

2.      For Plaintiff to have and recover nothing from this Defendant;

3.      For the costs and attorneys' fees associated with this action be taxed against Plaintiff as allowed by law and in the discretion of this Court;

4.      For a jury trial on any triable issue; and

5.      For any other relief this Court deems just and proper.

*[Signature block on following page]*

- 26 -

This the 23rd day of April, 2021.

**YATES, MCLAMB & WEYHER, L.L.P.**


By:     /s/ Samuel G. Thompson, Jr.
RODNEY E. PETTEY
N.C. State Bar No.: 17715
SAMUEL G. THOMPSON, JR.
N.C. State Bar No.: 32960
*Attorneys for Defendants J.E. Krueger; K.N. Wall;*
*A.E. Jones; C.J. Edmonds; A. Glenn; S.T. Henry;*
*B.S. Harris and M.S. Horner, in their individual*
*capacities*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel:  (919) 835-0900; Fax:   (919) 835-0910

- 27 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION 5:20-cv-00559-D

| | | |
|---|---|---|
| FREDRICK DARNELL HALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CITY OF RALEIGH NORTH CAROLINA, | ) | |
| CASSANDRA DECK-BROWN in her official | ) | |
| capacity as chief of police, RUFFIN HALL, in his | ) | **CERTIFICATE OF SERVICE** |
| official capacity as City Manager of the City of | ) | |
| Raleigh, North Carolina, and LT KLUEGER, | ) | |
| K.N. WALL, A.E. JONES, S.O. EDMONDS, | ) | |
| M.O. GLEN, S.T. HENRY, B.S. HARRIS, M.S. | ) | |
| HORNER, JOHN DOE I, JOHN DOE II, JOHN | ) | |
| DOE III, JOHN DOE IV, JOHN DOE V, JOHN | ) | |
| DOE VI (individually as in their official capacity | ) | |
| as employees of the City of Raleigh) | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

I hereby certify that on April 23, 2021, I electronically filed the foregoing **ANSWER OF DEFENDANT EDMONDS IN AN INDIVIDUAL CAPACITY ONLY TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court Using the CM/ECF System which will send notification of such filing to all counsel of record as follows:

Robert Lewis, Jr., Esq.
P.O. Box 1446
Raleigh, NC 27602
*Attorney for Plaintiff*

Hunt K. Choi, Esq.
Deputy City Attorney
P.O. Box 590
Raleigh, NC 27602
*Attorneys for Defendant City of Raleigh and all Defendants in Their Official Capacity*

- 28 -

This the 23rd day of April, 2021.

YATES, MCLAMB & WEYHER, L.L.P.

By:   /s/ Samuel G. Thompson, Jr.
RODNEY E. PETTEY
N.C. State Bar No.: 17715
SAMUEL G. THOMPSON, JR.
N.C. State Bar No.: 32960
*Attorneys for Defendants J.E. Krueger; K.N. Wall;*
*A.E. Jones; C.J. Edmonds; A. Glenn; S.T. Henry;*
*B.S. Harris and M.S. Horner, in their individual*
*capacities*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel:  (919) 835-0900; Fax:   (919) 835-0910

- 29 -